KENNETH R. WRIGHT, former Sergeant, U. S. Army, Petitioner

v

UNITED STATES, Respondent

19 USCMA 328, 41 CMR 328

Miscellaneous Docket No. 69–78

March 20, 1970

## Opinion of the Court

DARDEN, Judge:

A general court-martial at Fort Hood, Texas, convicted the petitioner in 1954 of rape after he and an accomplice lured the victim from her home by informing her that her husband had been injured on maneuvers and offering to take her to him in the field. The court sentenced him to a dishonorable discharge, confinement at hard labor for twenty years, and total forfeitures.

The petitioner has applied to this Court for extraordinary relief based on

the decision of the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and his assertions that the offense for which he was convicted had no military significance.

Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), holds that the principle of the O'Callahan opinion applies only to those cases still subject to direct review by this Court on the date of that opinion. The result in Mercer dictates the disposition of this petition, which is denied.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In this petition, as in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), the question now before us revolves about the prospective or retrospective application of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), that a court-martial is without jurisdiction to proceed unless the charged offense is "service-connected." The majority of this Court have denied the accused's petition for extraordinary relief, in accordance with their holding in Mercer that the principle of the O'Callahan opinion applies only to those cases still subject to review by this Court on the date of the O'Callahan opinion.

For the same reasons as set forth in my dissent in Mercer v Dillon, supra, I must dissent in this case.

Since I believe that the court–martial lacked jurisdiction over the charged offenses (O'Callahan v Parker, supra; United States v Borys, 18 USCMA 547, 40 CMR 259 (1969)), I would grant the petition, set aside the findings and sentence, and order the charges dismissed.